Curia, per
Nott, J.
This may be considered as a branch only of the case of the Administrator of Rutledge v. The Executoré of Smith et al. and it involves two questions which are now submitted for the consideration of the Court.
1st. Whether the paper given to Mr Rutledge, recog- *147 sizing a legacy due to him under the' will of his grand lather Thomas Smith, gave him such a lien on the property, of which he died possessed, as would entitle his representative to a priority to bond creditors, in paying the debts of her estate.
2d. Whether, if he ever had such a lien on the property, he had not lost it by not having it recorded.
The Court are of opinion that the first question has been decided in the case of the Administrator of Rutledge v. The Executors of Smith et al. And although the creditors were not parties to that case, yet, so far as it went# to settle an abstract principle of law, all persons must] be bound by it. The question was, whether that paper-should have the effect of a mortgage; and the decision-1 could not have been varied by any consideration of the parties to be affected by it. In one part of the circuit decree in the case of the Administrator of Rutledge v. The Executors of Smith et al. this contract of Mrs Smith is said to be a specific charge, on whatever estate she should die possessed of. In another part it is said, the complainant has a lien on the house and lot as a part of the estate of which Mrs Smith died possessed. Harwood v. Oglander, 8 Ves. 125. And that the lien was the ground on which the Chancellor held the house and lot liable to pay the legacies without regard to the personal estate, which otherwise would have been the proper fund out of which they ought to have been paid. Milnes v. Slater, 8 Ves. 295. That part of the decree has been supported by the unanimous opinion of the former Court of Appeals. It has, to be sure, decided nothing with regard to the rights of the present claimants. But as it is decided that the complainant had a specific lien on the property, the necessary result was, that he had a preference over those who had no such lien. The judgment' creditors who had obtained a prior lien were entitled, as a matter of course, to a priority ; but the bond creditors had no such lien, and must therefore be postponed. *148 Whether if the question had been open for investigation this Court would have concurred in that opinion, is a question on which it is not now necessary to express an opinion. I would however observe that it would require great consideration. The English judges have carried the doctrine to a great length. But they now lament that it has been carried to such an extent. I certainly think that it ought not to be further extended. The second question has also been settled by the case ofthe Legatees of Ash v. Executors of Ash, 1 Bay’s Rep. 304. I must tponfess, I have never been perfectly satisfied with that decision. But it has been received as a law and acted uPon f°r upwards of thirty years, and ought not to be questioned(1).
sold under an against* an executor or though there’ Si assets. Lands may be
The opinion of the Court therefore is that the decree the Circuit Court in this case ought to be affirmed also.

Decree affirmed.

 That case has since been fully confirmed by an opiniohfdelivered by the Appeal Court in June 1827, viz. Latta v. Smith, brought up from York. See Rutledge v. Smith.